IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV45-02-MU

```
JOHN H. McALLISTER, a.k.a.)
HASAN JAHLIL SHABAZZ,     )
     Plaintiff,           )
                          )
       v.                 )
                          )
(FNU) HAMTON, Officer     )
  at the Alexander Cor-   )
  rectional Institution;  )     O R D E R
KEITH WHITENER, Super-    )
  intendent at the        )
  Alexander Correctional  )
  Institution; and        )
(FNU) CLARK, Unit Manager )
  at the Alexander Cor-   )
  rectional Institution,  )
     Defendants.          )
_____)
```

**THIS MATTER** comes before the Court upon the initial review of Plaintiff's form-Complaint (and exhibits) under 42 U.S.C. § 1983, filed April 28, 2009. For the reasons stated herein, Plaintiff's Complaint will be <u>dismissed</u> for its failure to state a constitutional claim for relief.

Plaintiff's Complaint and attachments tend to establish that on a single occasion in March 2009, in response to Plaintiff's request that Defendant Hamton replace the battery in a razor, Hamton replied: "N\_\_\_\_r you [sic] always complaening [sic] about sometheng [sic]. You [sic] going to f\_\_\_ around and make me kill your Black a\_\_." Plaintiff further alleges that Defendant Hamton

is "vary [sic] rasis [sic]," and that Plaintiff fears for his life and does not want Defendant Hamton to come around him or to be in contact with him.  By way of relief, Plaintiff asks the Court to remove Defendant Hamton from his prison facility so that Plaintiff "will have a chance to do [his] time and go home." Plaintiff explains that Hamton "is trouble" for him, and that Hamton tries to get Plaintiff to say or do something "to get [Plaintiff] more time."  Reportedly as a result of the foregoing, Plaintiff asks the Court to award him $2,000 for pain and suffering and "being afraid for his life."  Notwithstanding Plaintiff's obvious beliefs to the contrary, however, the Court finds that he has failed to state a constitutional claim for relief.

First, Plaintiff has not even hinted at a claim against Defendant Whitener.  Moreover, Plaintiff has failed to allege or demonstrate any liability on the part of Whitener's subordinates. Therefore, Defendant Whitener clearly cannot be held liable as a supervisor or otherwise.  See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.), cert. denied, 513 U.S. 813 (1994).

Second, and similarly, Plaintiff does not set forth a single allegation against Defendant Clark.  Consequently, this Complaint also must be dismissed against that individual.

Last, assuming that Defendant Hamton made the comments which Plaintiff alleges, such remarks admittedly are unprofessional and ignorant.  Nevertheless, it is well settled that verbal abuse of

2

inmates by guards, without more, states no claim for assault or any other constitutional violation.  Morrison v. Martin, 755 F.Supp. 683 (E.D.N.C.), aff'd, 917 F.2d 1302 (4th Cir. 1990); Fisher v. Woodson, 373 F.Supp. 970, 973 (E.D. Va. 1973) (mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations.").  Nor do "verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety . . ." constitute a violation of any constitutional rights.  Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991).  Indeed, it has been determined that "'the use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim[.]'").  Piggee v. O'Brien. 2008 WL 5054133 (W.D. Va. Nov. 26, 2008), quoting Keyes v. City of Albany, 594 F.Supp. 1147, 1155 (N.D.N.Y. 1984).  Therefore, Plaintiff's entire Complaint must be dismissed.

**NOW, THEREFORE, IT IS ORDERED that** Plaintiffs' Complaint hereby is **DISMISSED** for its failure to state a claim for relief.[1]  See 28 U.S.C. §1915A(b)(1).

---

[1] The Court notes that this is at least the second civil rights complaint of Plaintiff's which has been dismissed pursuant to 28 U.S.C. § 1915A(b)(1). See McAllister v. Oates, et al., 5:03ct644-FL (E.D.N.C. Oct. 1, 2003) (dismissed as frivolous).  See also McAllister v. Marshall et al., 5:92ct737-H (E.D.N.C. Feb. 24, 1993) (dismissed upon initial review).  Therefore, Plaintiff is placed on notice that he may be ineligible to proceed in forma pauperis with any future prisoner actions unless he can establish his entitlement to do so pursuant to 28 U.S.C. § 1915(g).

3

**SO ORDERED.**

Signed: April 30, 2009

Graham C. Mullen
United States District Judge